## VARONA a. SOCARRAS.

*New York Common Pleas; Special Term, January,* 1859.

### WITNESS.—EXAMINATION OF PARTY.

The testimony of a party must be controverted or impeached in the same manner as that of any other witness.

A witness cannot be impeached in respect to credibility by proof of any single act of bad conduct, or any specific wrong transaction.

It is in the discretion of the court to interfere, and protect the witness against any inquiries not relevant to the issues, and having alone such an object in view.

Motion for a new trial.

The action was brought to recover back a sum which the plaintiff had overpaid the defendant in settlement of an account.

On the trial the plaintiff offered himself as a witness. On the cross-examination it was proved that the indebtedness which plaintiff had, as he alleged, overpaid, arose out of the fact that the plaintiff had received the proceeds of certain bills of ex-

change belonging to the defendant. The defendant offered questions for the purpose of proving that the bills were delivered to the plaintiff for a special purpose, and that they were fraudulently converted and misapplied by the plaintiff. These questions were offered with a view to impeach the witness's credibility. They were objected to on the ground that the defendant must be confined to proof of the general character of witness as to credibility, &c. The objection was sustained. The plaintiff had a verdict; and upon a case embodying this and other exceptions not important to state, the defendant moved for a new trial.

*Mr. Nash*, for the motion.

*F. R. Coudert*, opposed.

HILTON, J.—Upon reflection, and an examination of the authorities, I am confirmed in the opinion expressed on the trial,— that a witness cannot, upon his cross-examination, or otherwise, be impeached in respect to his credibility, by proof of any single act of bad conduct, or any specific transaction which was criminally or morally wrong.

And it is in the discretion of the court to interfere and protect the witness against any inquiries, not relevant to the issues to be tried, and having alone such an object or purpose in view.

The rule, briefly stated, seems to be, that the credit of a witness may be impeached: 1st. By showing, on cross-examination, such contradictions or improbabilities in his evidence as to render him unworthy of belief. 2d. Disproving the facts as stated by him, by other witnesses. 3d. By general evidence affecting his character and credit for veracity; and, 4th. By proof of his having made statements out of court contrary to the evidence given by him at the trial. (*Buller's N. P.*, 296; *Peake's Ev.*, 140; 1 *Macnally's Ev.*, 258; 1 *Starkie's Ev.*, 95, § 70; 1 *Greenleaf's Ev.*, §§ 461, 462; 4 *Phillip's Ev.* (*C. & H.*, notes), 717, note 364; Jackson *a.* Lewis, 13 *Johns.*, 504; Southard *a.* Rexford, 6 *Cow.*, 255; The People *a.* Hulse, 3 *Hill*, 309; Same *a.* Gay, 3 *Seld.*, 378; Corning *a.* Corning, 2 *Ib.*, 97, 104; Newton *a.* Harris, *Ib.*, 345; Commonwealth *a.* Moore, 3 *Pick.*, 194.)

But it is claimed that where the witness is a party to the ac-

tion, greater latitude should be permitted upon his cross-examination than in cases where the witness has no interest in the controversy; and that the court should not interfere where a party is being examined, to prevent any inquiry which may tend to show him guilty of specific acts of immorality or bad conduct, so as to render him in some degree unworthy of credit, and tend to create in the minds of the jury a doubt as to the truth of his statements.

To all this, it is a sufficient answer to say, that the statute has allowed parties to be witnesses, and their testimony must be controverted or impeached in the same manner as other witnesses; and there is no hardship in adhering to these long-settled rules, applicable alike to all cases. It was the privilege of the defendant to be himself sworn, and he might have contradicted any of the facts as testified to by the plaintiff; and because he chose to shrink from any such test, was no reason for permitting him to put improper and useless questions to his adversary.

As to the inquiries respecting payments made by the defendant's son, or the manner in which the son kept an account of the notes purchased by him on his individual account, I have, as yet, been unable to see their relevancy to the issues which were presented at the trial for the determination of the jury; or how any answers to them would tend to show whether or not the defendant received from the plaintiff certain promissory notes, the proceeds of which were to be applied, when received by the defendant, upon an indebtedness of the plaintiff to him.

This was the material issue in the case, and if found adverse to the defendant, the plaintiff would undoubtedly be entitled to recover the amount received by the defendant, over and above the indebtedness.

The questions, I still think, were immaterial, and my ruling upon them at the trial appears to be correct.

The remaining exceptions, which are to the admission of evidence, constitute no ground for granting the defendant's motion for a new trial. The testimony was relevant, and explanatory of previous evidence in the case.

Finally, upon a careful review of the whole case, there seems to exist no reason for disturbing the finding of the jury.

Two trials have been already had between the parties, and

each has resulted in a verdict for the plaintiff, for the amount claimed by him.

Under such circumstances there should exist something more than a conflict of evidence to justify, upon a motion of this kind, an inquiry into the equities of a claim, upon the mere assertion of a party that they rest with him.

Motion for a new trial denied, with $10 costs.